UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEREK LARUE,<br><br>　　　　　　　　　　Petitioner,<br><br>　v.<br><br>ANGEL CARDENAS,<br><br>　　　　　　　　　　Respondent. | Case No. 3:24-cv-00265-ART-CLB<br><br>Order Dismissing Petition without Prejudice and Closing Case |

Derek Larue has submitted a *pro se* 28 U.S.C. § 2241 habeas corpus petition. (ECF No. 1-1.) The application to proceed *in forma pauperis* is granted. (ECF No. 1.) But on initial review, the Court finds that Larue's claims appear unexhausted, and that federal abstention is required, so the petition is dismissed without prejudice.

It appears that Larue was arrested on a criminal matter before the Sixth Judicial District Court (Humboldt County, Nevada) and was released from custody on his own recognizance ("OR") on or about July 3, 2023. (*See* ECF No. 1-2.) A notice of violation and incarceration filed May 21, 2024, indicates that Larue was rearrested the day before pursuant to a warrant for failure to appear. (*See id.*) The notice states that Larue was also booked for violation of the conditions of his OR release.

In his petition for federal habeas relief, Larue alleges that he has not received a hearing on the revocation of OR release in violation of his constitutional rights. (ECF No. 1-1.) Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised. *See Boyd v.*

1

1 *Thompson,* 147 F.3d 1124, 1128 (9th Cir. 1998). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert,* 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor,* 404 U.S. 270, 276 (1971).

The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Woods v. Sinclair,* 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden,* 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based. *Bland v. California Dep't of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).

In an attempt to demonstrate that he exhausted his claim, Larue states that there is "nothing to appeal." (ECF No. 1-1 at 2-3.) But in order to exhaust, he would need to first seek relief in the state courts. The Court takes judicial notice of the fact that Larue was rearrested on May 20, 2024, and, as a practical matter, he cannot have pursued a state pre-trial habeas petition in such a short time. The Court also takes judicial notice of the Nevada appellate courts' online records, which do not show any appeal from a denial of a state § 2241 habeas petition. This alone bars this Court's consideration of his federal habeas petition.

But even if the Court assumed that Larue has exhausted his claims, his petition seeks federal judicial intervention in a pending state criminal proceeding, which is simply not available to him. *Cf. e.g., Sherwood v. Tomkins,*

716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980). The comity-based *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971).

The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). Injuries are only irreparable if the threat to a petitioner's federally protected rights cannot be eliminated through his defense of the criminal case. *Younger*, 401 U.S. at 46.

This case does not present extraordinary circumstances. Larue challenges the revocation of his OR release as violating his constitutional rights. (ECF No. 1-1.) Defendants in state criminal proceedings routinely allege that state criminal proceedings violate their constitutional rights, including fundamental rights. Larue's situation is no different in substance from that of any criminal defendant facing the potential loss of constitutional rights—including the most fundamental right, to liberty—in a pending criminal prosecution. He faces no extraordinary or irreparable injuries, so federal abstention is required. It does not appear that dismissal of this action without prejudice will materially impact the analysis of any issue in a later-filed habeas proceeding or otherwise result in substantial prejudice.

It is therefore ordered that the application to proceed *in forma pauperis* **(ECF No. 1) is GRANTED**.

3

It is further ordered that the Clerk of Court FILE the petition for writ of habeas corpus. (ECF No. 1-1.)

It is further ordered that the petition is **DISMISSED** without prejudice.

It is further ordered that the Clerk direct informal electronic service upon respondents by adding Nevada Attorney General Aaron D. Ford as counsel for respondents and sending a notice of electronic filing to his office for the petition and this order. No response is required from respondents other than to respond to any orders of a reviewing court.

It is further ordered that a certificate of appealability will not issue.

It is further ordered that the Clerk enter final judgment dismissing this action and close this case.

DATED THIS 22nd day of July 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE